IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS L. GLOVER, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. 3:04-CV-917-M |
| CITY OF DALLAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment, filed January 6, 2006. The Court **GRANTS** the Motion.[1]

STATEMENT OF FACTS

Plaintiff Thomas Glover, who is African-American, is a 24-year veteran of the Dallas Police Department ("DPD"), and now holds the rank of Sergeant. This dispute concerns the 1999 civil service exam, through which several Sergeants, including Glover, sought promotion to the rank of Lieutenant. The candidates first took a written examination, and those who passed it moved on to an assessment, consisting of three exercises, conducted over two days. The City hired an outside firm, Management Scientists II ("MS II"), to administer the assessment, which was conducted by eight assessors selected and trained by MS II. Each assessor held at least the rank of Lieutenant with police departments in cities throughout the United States, comparable in

---

[1] The Court notes that Plaintiff's original counsel died during the pendency of this case. On April 13, 2006, the Court ordered Plaintiff to advise the Court of his new counsel by April 30, 2006, and extended that deadline to May 17, 2006 by its Order dated May 8, 2006. Although Plaintiff has not informed the Court of his new counsel, the pending Motion for Summary Judgment is fully briefed and ripe for determination. As a result, the Court will rule on the Motion.

size to Dallas.

Glover scored an 83 on the written examination, which placed him fifth out of the 63 Sergeants who passed. After that score was standardized, it became a 91.614, and counted 25% toward the final promotional score. Glover's assessment score was 82.841, which counted 75% toward the final promotional score. Glover's final promotional score was 85.035, which placed him at 29th out of the 60 Sergeants who passed the written examination and completed the assessment.[2] Based on his overall score, Glover was not promoted.

Glover filed his Complaint on April 30, 2004, alleging race discrimination and retaliation. The City of Dallas ("the City") filed its Motion for Summary Judgment on January 6, 2006.

## STANDARD OF REVIEW

Summary judgment is warranted when the facts and law, as reflected in the pleadings, affidavits, and other summary judgment evidence, show that no reasonable trier of fact could find for the nonmoving party as to any material fact. *Pourgholam v. Advanced Telemktg. Corp.*, No. 3:01-CV-2764-H, 2004 U.S. Dist. LEXIS 10659, at *2-3 (N.D. Tex. June 9, 2004) (citing Fed. R. Civ. P. 56; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986)). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322-25). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary

---

[2]Three applicants who passed the written exam did not complete the assessment.

judgment is inappropriate. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

The nonmovant is then required to go beyond the pleadings and designate specific facts that prove the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). That party may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts. Fed. R. Civ. P. 56(e). The court must review all evidence in the record, giving credence to evidence favoring the nonmovant as well as "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses" and disregarding the evidence favorable to the nonmovant that the jury is not required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 152 (2000). Further, "the court must draw all justifiable inferences in favor of the nonmovant." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch Props.*, 140 F.3d at 625. "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991). However, in the absence of proof, a court will not conclude that the nonmoving party could prove the required facts. *Lynch Props.*, 140 F.3d at 625.

## ANALYSIS

*1. Constitutional Due Process*

In his deposition, Glover stated that he brings a claim for violation of constitutional due

process. However, Glover makes no such claim in his Complaint. Because such a claim is not contained in Plaintiff's Complaint, it is not properly before the Court, and the Court declines to consider it.

*2. Race Discrimination and Retaliation*

The Court examines Title VII race discrimination and retaliation cases under a "modified *McDonnell Douglas* approach." *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 341 (5th Cir. 2005) (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *see also Cornish v. Dallas Police Ass'n*, 3:04-CV-49-M, 2005 U.S. Dist. LEXIS 32930, at *6-7 (N.D. Tex. Dec. 13, 2005) (Lynn, J.). Under this framework,

> [T]he plaintiff must still demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, "the plaintiff must then offer sufficient evidence to create a genuine issue of material fact 'either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (mixed-motive alternative).

*Rachid*, 376 F.3d at 312.

The Court assumes, *arguendo*, that Plaintiff can establish a prima facie case of race discrimination and retaliation; thus, a presumption of discrimination and retaliation arises. *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993). The City can rebut this presumption by articulating a legitimate, non-retaliatory, non-discriminatory reason for its actions. *See Shackelford v. Deloitte & Touche*, 190 F.3d 398, 404 (5th Cir. 1999). This burden is only one of production, not persuasion, and involves no credibility assessments. *See Russell v.*

*McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000).

The City's non-retaliatory, non-discriminatory reason is that the City made its promotion decisions based on the candidates' scores in the promotion process, and those scores were based only on the candidates' performance on the written examination and the assessment. The declaration of Michelle Hanchard, Assistant Director for the City of Dallas Civil Service Department, establishes that "promotions were awarded to Sergeants on the [list ranking the candidates based on a combination of their written examination and assessment score] starting from the highest score and proceeding downward as positions became available". Def. App. at 2. The declarations of Beverly Noble Barnes, Dan Sustaire, Sam Holt, Shirley Britton, Barry Powell, J.D. Brewer, Sharon Pollman, and Kim Lemaux – the assessors from the 1999 promotion process at issue – establish that Glover's assessment scores were based on his performance during the assessment exercises, not on his race or history of prior race discrimination complaints. These declarations support the City's non-discriminatory, non-retaliatory reason.

To defeat the City's Motion for Summary Judgment, Plaintiff must show that the City's non-discriminatory, non-retaliatory reason is a pretext for discrimination. *See Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332-33 (5th Cir. 2005).[3] "To show pretext, a plaintiff must provide evidence showing that the asserted reason was false and that discrimination was the actual motivation." *Scales v. Slater*, 181 F.3d 703, 709 (5th Cir. 1999). In his brief, Plaintiff

---

[3]The Court need not engage in a mixed-motive analysis, as Plaintiff does not rely on that theory. *See Pool v. US Investigation Servs.*, 3:04-CV-2332-M, 2005 U.S. Dist. LEXIS 31928, at *5 n.1 (N.D. Tex. Dec. 6, 2005) (Lynn, J.); *Walker v. Norris Cylinder Co.*, 3:03-CV-1009-D, 2005 U.S. Dist. LEXIS 20465, at *11 n.5 (N.D. Tex. Sept. 9, 2005) (Fitzwater, J.); *Bywaters v. S. Methodist Univ.*, 3:04-CV-1195, 2006 U.S. Dist. LEXIS 4314, at *6-7 (N.D. Tex. Feb. 3, 2006) (Godbey, J.); *see also Richardson*, 434 F.3d at 332-33 (suggesting that the mixed-motive framework only applies to cases in which the employee argues that discrimination was a motivating factor in his termination).

recognizes that he must prove that Defendant's reason was a "mere pretext for discrimination". Pl. Resp. at 11 (citing *McDonnell Douglas*, 411 U.S. at 802). Despite this, Plaintiff does not address the City's non-discriminatory, non-retaliatory reason whatsoever, nor does he point the Court to any evidence that shows that the City's reason is false.[4] Therefore, the Court **GRANTS** the City's Motion for Summary Judgment as to Plaintiff's claims. *See Lynch Props.*, 140 F.3d at 625.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the City's Motion in its entirety, and **DISMISSES** Plaintiff's claims with prejudice.

---

[4] In the "Factual Background Summary" section of Plaintiff's Response, he alludes to many facts. However, Plaintiff did not identify which facts establish pretext, and he cannot force the Court to parse through his brief and determine on its own which facts establish pretext. *See Fouce v. Lowe's Home Improvement Ctr., Inc.*, 1:04-cv-416-LJM-WTL, 2005 U.S. Dist. LEXIS 38332, at *19 n.6 (S.D. Ind. Dec. 22, 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). As a result, the Court may properly treat Plaintiff's pretext argument as wholly unsupported by evidence.

Even if the Court assumed that all of the allegations in the factual section of Plaintiff's Response supported his pretext argument, Glover would not defeat the City's Motion. Plaintiff alleges that (1) he has superior qualifications for the promotion to Lieutenant; (2) he has successfully taught others how to succeed in the assessment process; (3) his participation in civil rights activities has drawn the ire of his superiors; (4) he previously alleged race discrimination in connection with an assessment process in 1997; and (5) former chief of police Terrell Bolton told him that "certain members of city government did not want to see [Glover] promoted . . . based on [his] actions as President of the Texas Peace Officers Association". Even if the Court considered each of these facts, none tend to show that the City's non-discriminatory, non-retaliatory reason – that the City made its promotion decisions on the basis of the scores provided by MS II, and those scores were based only on the candidates' performance on the written examination and the assessment – is false.

Glover also alleged in the factual section of his Response that the Civil Service Board acknowledged that Glover was subject to retaliation in the 1999 civil service exam. However, in his deposition, he stated, in response to an inquiry about this allegation, that one member of the Board stated on the record that he had presented a *prima facie* case of retaliation. Def. App. at 61. Such a statement, consistent with what this Court has assumed, does not show that the City's non-discriminatory, non-retaliatory reason is a pretext for discrimination or retaliation.

**SO ORDERED.**

May 10, 2006.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS